[No. 21063.   In Bank.—May 3, 1894.]

THE PEOPLE, RESPONDENT, v. WILLIAM H. YOUNG, APPELLANT.

CRIMINAL LAW—HOMICIDE—EVIDENCE—KILLING OF MISTRESS.—Where the evidence introduced upon the trial of a defendant charged with the crime of murder necessarily shows that the relation existing between the accused and the woman killed was that of man and mistress, no error is committed in allowing that relation to be proved, and it is not objectionable on the ground that the effect of it is to bring the defendant into disrepute, and affect his good standing before the jury.

ID.—IDENTIFICATION OF PERSON—CERTAINTY.—A witness is not required to be absolutely certain in his testimony as to the identification of another person.

ID.—DECLARATIONS OF DEFENDANT.—The admission in evidence of declarations of the defendant which do not constitute a confession is not a reversible error where there is nothing in the circumstances under which they were made which would justify their exclusion.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Zachariah G. Peck*, and *R. A. Ling*, for Appellant.

*Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

McFarland, J.—The information charged the defendant with the crime of murder, consisting in the killing of one Irene O'Brien, *alias* Irene Mansfield; and he was convicted of manslaughter. He appeals from the judgment, and from an order denying his motion for a new trial.

We see no reason for disturbing the judgment or for granting a new trial.

The point that there was not sufficient evidence to sustain the verdict is not tenable. There was clearly evidence enough to warrant the conclusion reached by the jury.

We see no error committed by the court in its instructions to the jury. The instruction of the court upon the subject of intoxication correctly stated the law upon that subject; and, although there was not much evidence to the point of appellant's intoxication at the time of the alleged commission of the crime, still, we think that he suffered no prejudice from said instruction. The instruction as to how the jury should view the testimony, and that they "should consider his relation to the case," etc., while criticised several times by this court, seems to be a favorite subject for instruction in lower courts, and has been too often held to be not erroneous to be now overturned. There are no other instructions necessary to be noted.

A number of exceptions were taken to the rulings of the court admitting evidence which showed to some extent the relation existing between appellant and the woman killed of man and mistress. It is contended that this evidence was inadmissible, because the effect of it was to bring the appellant into disrepute, and affect his good standing before the jury. The evidence, how-

ever, necessarily appeared in the disclosure of facts pertaining to the case; and we do not think that any error was committed in that regard, or that appellant was unjustly prejudiced thereby. Neither do we think that appellant was subjected to any unwarrantable cross-examination.

No error was committed in admitting the testimony of the witness Grant. A witness is not required to be absolutely certain in his testimony as to the identification of another person.

There was no error in admitting the evidence of the witness Bosqui. What the appellant said to him was not a confession; and there was nothing in the circumstances under which appellant made the statement to him which would exclude such statement from being introduced in evidence.

There was nothing in what the district attorney said to the jury that would warrant any interference with the verdict.

There are no other points in the case necessary to be specially noticed.

Judgment and order affirmed.

DE HAVEN, J., FITZGERALD, J., GAROUTTE, J., PATERSON, J., and HARRISON, J, concurred.