[Crim. No. 234. Department One.—May 8, 1897.]

## THE PEOPLE, RESPONDENT, v. BILL ARNOLD, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—EVIDENCE—KNOWN INFIDELITY OF WIFE — JUSTIFICATION—REBUTTAL OF MALICE.—Upon the trial of a charge for an assault with intent to murder, committed by defendant upon the person of his wife, evidence that he had been informed that his wife was running with other men for immoral and illicit purposes, and that at the time of the assault he supposed she was going away for some such purpose, is not admissible to justify the assault charged; and where his own testimony showed that he had been aware of such lewd conduct on her part for eighteen months, and it was not claimed or offered to be shown that defendant was acting under the influence of passion aroused by any recent information of his wife's infidelity, such evidence is not admissible to rebut malice in the assault.

ID.—CONVICTION OF ASSAULT WITH DEADLY WEAPON—REJECTION OF EVIDENCE SUBTANTIALLY GIVEN—HARMLESS RULING.—Where the defendant was convicted of the lesser offense of assault with a deadly weapon, of which malice is not an essential ingredient, and evidence of his wife's infidelity was in substantial effect placed before the jury, the rejection of other evidence of such infidelity, for the purpose of rebutting malice under a charge of assault with intent to murder is harmless.

ID.—CHARGE OF PRIOR CONVICTION OF FELONY—CONFESSION—EVIDENCE—IMPEACHMENT—QUESTION AS TO PRIOR CONVICTION—CONSTRUCTION OF CODE—WAIVER.—The purpose of section 1093 of the Civil Code, which provides that where the defendant has confessed a charge of prior conviction, the clerk in reading the indictment or information shall omit

therefrom all that relates to such previous conviction, is to give the defendant the benefit of withholding from the jury a knowledge of such prior conviction in cases other than those where the defendant by the conduct of his case, in becoming a witness in his own behalf, subjects himself to the same tests of credibility by impeachment or otherwise as any other witness, and was not designed to change or affect the ordinary rules of evidence in his favor, and where the defendant, when arraigned, confessed a charge in the information of a prior conviction of felony, and afterward testifies in his own behalf, he must be deemed to have waived the privilege given by that section, and may be asked on cross-examination by the prosecution, for the purpose of impeachment, if he had not been previously convicted of a felony.

ID.—INSTRUCTIONS — FAILURE TO INSTRUCT AS TO ASSAULT—ABSENCE OF REQUEST.—Where the defendant admitted that he struck his wife on the head with a stick and knocked her down, and the proof showed that she was rendered unconscious by the blow, and the evidence of the prosecution showed that the blow was given by a rock, and that she was cut on the scalp with a knife, and the court instructed the jury that they could convict the defendant of the offense charged, viz., an assault with intent to murder, or of the lesser offense of an assault with a deadly weapon, the failure of the court to instruct the jury that they might also convict him of a simple assault, is not error in the absence of a request by the defendant for such instruction.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. R. F. CRAWFORD, Judge.

The facts are stated in the opinion of the court.

*Barham & Miller*, for Appellant.

The court erred in refusing to allow the defendant to show that knowledge of recent acts of infidelity on the part of his wife had just been communicated to him, as such knowledge would show provocation. (3 Rice on Evidence, sec. 475; *Commonwealth* v. *Webster*, 52 Am. Dec. 733.) The defendant having pleaded guilty to the charge of former conviction of a felony, the court erred in allowing him to be asked if he had ever been convicted before. (*People* v. *Wheatley*, 88 Cal. 117; *People* v. *Thomas*, 110 Cal. 42; *People* v. *Sansome*, 84 Cal. 449.) The defendant not having gone into the question of character, he could not be asked as to his prior conviction for the purpose of impeachment. (*People* v. *Fair*, 43 Cal. 147; *Commonwealth* v. *Webster*,

52 Am. Dec. 735.) The court erred in omitting to tell the jury that included in the offense charged was also the offense of a simple assault. (Pen. Code, sec. 1159; *People* v. *Congleton,* 44 Cal. 92; *People* v. *Murat,* 45 Cal. 281; *People* v. *Lightner,* 49 Cal. 226; *People* v. *Defoor,* 100 Cal. 153.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

The defendant having offered himself as a witness he could be cross-examined as any other witness, and it was proper upon such cross-examination to ask him whether he had ever been convicted of a felony. (Pen. Code, sec. 1323; *People* v. *O'Brien,* 66 Cal. 602; *People* v. *Russell,* 46 Cal. 121; *People* v. *Johnson,* 57 Cal. 571; *People* v. *Beck,* 58 Cal. 212; *People* v. *McGungill,* 41 Cal. 431; *People* v. *Rozelle,* 78 Cal. 89; *People* v. *Fong Ching,* 78 Cal. 169; *People* v. *Dennis,* 39 Cal. 634; *People* v. *Chin Mook Sow,* 51 Cal. 597; *People* v. *Meyer,* 75 Cal. 386; *People* v. *Crowley,* 100 Cal. 482; Code Civ. Proc., sec. 2051.) The failure of the court to charge the jury on the question of simple assault was not error, as the evidence showed the assault to have been with a deadly weapon. (*People* v. *Fahey,* 64 Cal. 342; *State* v. *Dineen,* 10 Minn. 407; *State* v. *Huntley,* 91 N. C. 617; *Hunt* v. *State,* 6 Tex. App. 663; *Regan* v. *State,* 46 Wis. 256; *Coleman* v. *State,* 28 Ga. 79; *Blige* v. *State,* 20 Fla. 742; 51 Am. Rep. 628; *Milner* v. *State,* 30 Ga. 138; *Brown* v. *State,* 58 Ga. 212; *Wilson* v. *State,* 33 Ga. 217; *Commonwealth* v. *Branham,* 8 Bush (Ky.), 387; *Ferguson* v. *State,* 6 Tex. App. 504; *Sylvester* v. *State,* 71 Ala. 17; *Smith* v. *State,* 73 Ga. 31.) Instructions must be applicable to the testimony and conform thereto. Abstract and irrelevant instructions should not be given. (*People* v. *McCauley,* 1 Cal. 379; *People* v. *Roberts,* 6 Cal. 214; *People* v. *Honshell,* 10 Cal. 83; *People* v. *Sanchez,* 24 Cal. 17; *People* v. *Turcott,* 65 Cal. 126; *People* v. *Gray,* 66 Cal. 271; *Fowler* v. *Smith,* 2 Cal. 39; *Eldridge* v. *Cowell,* 4 Cal. 80.)

VAN FLEET, J.—Defendant was charged with assault with intent to murder, and was convicted of an assault with a deadly weapon. He appeals from the judgment and from an order denying him a new trial.

1. The person upon whom the assault was committed was one Clara, an Indian woman, who was at the time living with defendant as his wife. It appeared by the evidence of the prosecution that the parties were encamped near the town of Cloverdale; Clara and one Lena Pete, another Indian woman, started from camp on their horses to go to the town; defendant objected to Clara's going, and, upon her insisting, he dragged her from her horse, struck her on the head with a rock, knocking her down and rendering her insensible, and cut her on the scalp with a knife. Defendant desired to show in his defense that the occasion or provocation of the assault was that he had been informed that his wife was running with other men for immoral and illicit purposes, and that he supposed she was leaving the camp for some such purpose when he stopped her. The court very properly refused to admit such evidence. It was wholly immaterial, since it would not, if true, have justified the assault.

Defendant contends that, "if he had knowledge of acts of infidelity upon the part of his wife, recently communicated to him, and the further information that she was then about to go away in company with the witness Lena, for the purpose of assignation, that she intended to meet, for the purposes of illicit intercourse, other men, and that such knowledge of her intentions formed the grounds of defendant's objections to her going, then such evidence was proper to go to the jury to show the animus with which the assault was made, and would have had a tendency to eliminate from the case the malicious and premeditated intent, which the law presumes to flow from the commission of an unlawful act, even though it had not gone to the extent of justifying his interference"; in other words, that it was proper for the purpose of showing an absence of mal-

ice and premeditated design, if not a defense to the assault. But the defendant did not offer to show either that he had knowledge that his wife was in fact leaving the camp at the time for any such purpose, or that he had been so informed, but simply that he had been informed (he did not offer to show when) that she had been guilty of such conduct before, and, in effect, that he did not wish her to have the opportunity to do so again. While "the sight of adultery committed by his wife" may be, as suggested by Mr. Rice (3 Rice's Evidence, sec. 475), provocation to the husband, which will justify that "heat of passion" which is sufficient to reduce murder to manslaughter, the knowledge of such fact must be based upon something more tangible than mere surmise, and the knowledge must be so recent as to preclude the idea of cooling time or premeditation. It was not claimed or pretended that defendant could show that he was acting under the influence of passion aroused by any recent information of his wife's infidelity. His own testimony showed that he had been aware for some eighteen months that she "was running with every Tom, Dick, and Harry" for such purposes, and yet had continued to live with her.

Moreover, the evidence sought was in substantial effect all placed before the jury, and would seem to have produced the only effect for which it is contended such evidence was admissible, since the verdict was for a grade of offense lower than that charged, and of which malice is not an essential ingredient. (Pen. Code, sec. 245; *People* v. *Urias*, 12 Cal. 325.)

2. The information charged a prior conviction of a felony, and defendant having at his arraignment confessed the same, in accordance with the directions of section 1093 of the Penal Code, no reference thereto was made by the clerk in reading the information and stating the plea to the jury. The defendant, however, took the witness-stand in his own behalf, and gave his version of the circumstances of the assault. In cross-examination the prosecution was permitted, against de-

fendant's objection, to ask him if he had not previously been convicted of a felony; and it is urged that the effect of this was to defeat the purpose of section 1093.

The obvious purpose of this section was to give the defendant the benefit of withholding from the jury a knowledge of such prior conviction in all instances other than where, by the conduct of his own case, the production of such fact is rendered essential to a proper presentation of the case of the people. It was not designed thereby to change or affect the ordinary rules of evidence for the elucidation of truth, to which a defendant, like any other witness, subjects himself upon taking the witness-stand. Under the rule established in this state, the defendant's character for truth, honesty, and integrity is in issue when he offers himself as a witness, and he thereupon becomes, as held in *People* v. *Hickman*, 113 Cal. 80, 86, "subject to the same rules for testing his credibility before the jury, by impeachment or otherwise, as any other witness." One of the authorized methods of impeachment prescribed by the code is "that it may be shown by the examination of the witness or the record of the judgment that he has been convicted of a felony." (Code Civ. Proc., sec. 2051.) Section 1993 did not protect defendant from the operation of this rule. He must be deemed to have waived the privilege given by that section upon becoming a witness. (See *People* v. *Chin Mook Sow*, 51 Cal. 597; *People* v. *Meyer*, 75 Cal. 383.)

The cases of *People* v. *Wheatley*, 88 Cal. 117, *People* v. *Sansome*, 84 Cal. 449, and *People* v. *Thomas*, 110 Cal. 42, cited by appellant, all present instances where the defendant's privilege to have the fact of prior conviction withheld from the jury was violated without any act on his part waiving such right.

3. The court instructed the jury that they could convict defendant of the offense charged, or of the lesser offense of assault with a deadly weapon, but omitted telling them that included in the charge was also the offense of simple assault, and no request for such in

struction was made. It is urged that such omission was virtually telling the jury that they could not convict of simple assault, and that this was error.

It is doubtful if there was any evidence in the case to which such an instruction would have been pertinent. It is true that the defendant denied using a knife or a rock, and testified that the instrument used was a "stick," the dimensions of which were not given; but he admitted that he hit the woman on the head, and that the blow knocked her down, and he did not pretend to deny the fact shown by the prosecution that she was rendered unconscious thereby. It might well be assumed, in the absence of anything showing the contrary, that a stick or club which would administer such a blow was a deadly weapon, and, if it was such, the omitted matter was not pertinent. But, however that may be, if defendant deemed such instruction pertinent or material, he should have requested it. The failure to give it, in the absence of such request, has been repeatedly held not error. (*People* v. *Franklin,* 70 Cal. 641; *People* v. *Scott,* 93 Cal. 516; *People* v. *Guidice,* 73 Cal. 226.

We discover no error in the giving or refusing of instructions.

The judgment and order are affirmed.

GAROUTTE, J., and HARRISON, J., concurred.