[Crim. No. 566.   Department Two.—December 29, 1899.]

THE PEOPLE, Respondent, v. FRANK OLIVERIA, Jr., Appellant.

CRIMINAL LAW—PLEADING—NAME OF DEFENDANT—IMMATERIAL OMISSION OF "JR."—An information entitled and indorsed in the name of the people against "F. O., Jr.," which in the charging part avers that "the said F. O." committed the offense charged, and concludes that "all of the acts of the said F. O., Jr., were and are contrary to the statute," etc., sufficiently shows that the defendant was charged by the name of "F. O., Jr.," which he declared to be his true name; and there is no defect in the charging part of the information affecting a substantial right of the defendant.

ID.—JUNIOR AND SENIOR NO PART OF NAME.—Junior and senior are no part of a name, however commonly employed; and neither the omission nor the insertion of either, contrary to what would be deemed proper, will create a variance or otherwise injure the indictment or information.

ID.—IMPANELMENT OF JURY — WITHDRAWAL OF NAMES BY CONSENT — SPECIAL VENIRE — WAIVER OF OBJECTION — CHALLENGE TO SWORN PANEL.—Where the names of six jurors engaged in another trial were withdrawn from the jury-box by consent of the defendant, and after the remainder of the names were exhausted without completing the panel a special venire was summoned, and the jury completed and sworn, without any statutory·challenge having been interposed to the special venire, a challenge subse-

quently made to the sworn panel by the defendant, on the ground stated "that there were not in the box at the commencement of the drawing, or at any time during the drawing, the full number of names that should be there during the drawing," was properly denied.

ID.—TIME FOR CHALLENGE TO PANEL.—A challenge to the panel must be taken before a juror is sworn.

ID.—ROBBERY—EVIDENCE—IDENTIFICATION OF DEFENDANT—STANDING UP FOR COMPARISON.—Upon a charge of robbery, where the prosecuting witness described the size of the party robbing him, it is not error for the court to overrule an objection to a request of the district attorney that the defendant should stand up for comparison. It would not be error for the court to compel the defendant to stand up for comparison.

ID.—CONFESSIONS OF DEFENDANT—EVIDENCE OF VOLUNTARINESS—CONFLICTING EVIDENCE OF DEFENDANT.—The confessions of the defendant are admissible for the prosecution, if the evidence for the prosecution shows that they were free and voluntary, and not made under the influence of any threats, intimidations, promises, or inducements of any kind. The fact that the evidence of the defendant conflicts with that for the prosecution cannot justify the exclusion of the evidence of his confessions; but the jury, under proper instructions, are the sole judges of the credibility of the witnesses in regard to the matter.

ID.—DRUNKENNESS OF THE DEFENDANT—INSTRUCTIONS—ABSENCE OF REQUEST.—Where there was evidence indicating that the defendant was drunk at the time of the commission of the offense, and no error is alleged in the instructions given on that subject, the defendant cannot object that further instructions were not given in relation thereto, in the absence of a request made therefor by the defendant.

ID.—REPROVING REMARKS BY JUDGE TO DEFENDANT'S COUNSEL.—Reproving remarks by the judge to the defendant's counsel, though not courteously addressed, are not reversible error, where the manner of the counsel in asking and repeating many immaterial questions merited some rebuke, and tried the patience of the judge.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. Greene, Judge.

The facts are stated in the opinion.

Sawyer & Bennett, for Appellant.

Tirey L. Ford, Attorney General, C. N. Post, Assistant Attorney General, J. J. Allen, District Attorney, and Henry A. Melvin, Deputy District Attorney, for Respondent.

COOPER, C.—Appeal from judgment and order denying motion for new trial. Defendant was charged with the crime of robbery, committed on the eleventh day of December, 1898, in the county of Alameda, by forcibly taking from the person of one Joseph Nevis one hundred and eighty dollars in gold coin. He entered his plea of "not guilty," and, after trial before a jury, was convicted and sentenced to a term of three years in the state prison at San Quentin. He does not claim that the evidence is insufficient to justify the verdict, nor that the court erred in giving or refusing any instruction to the jury. He specifies certain alleged errors which he claims are prejudicial, and which we will notice in the order presented. It is claimed that the information charges the defendant under the name of Frank Oliveria, and that the evidence shows that the name of defendant is Frank Oliveria, Jr., and that defendant objected to the evidence on the ground of such variance. The information is entitled "People of the State of California against Frank Oliveria, Jr." In the charging part it is stated: "The said Frank Oliveria on the eleventh day of," etc., and concludes by stating: "And all of the acts of the said Frank Oliveria, Jr., in the premises were and are contrary to the form, force, and effect of the statute in such cases made and provided and against the peace and dignity of the people of the state of California." The information was indorsed on the back thereof, "People of the State of California against Frank Oliveria, Jr." When it was read to defendant with its indorsements, and he was asked his true name, he answered that his true name "is Frank Oliveria, Jr." We think it sufficiently appears from the whole information that the defendant was charged under the name of "Frank Oliveria, Jr." The Penal Code, section 959, provides: "The indictment or information is sufficient if it can be understood therefrom: . . . . 3. That the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury or district attorney, as the case may be, unknown."

Section 960 provides: "No indictment or information is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

In *San Francisco v. Randall*, 54 Cal. 410, it is said: "The addition 'Jr.' is no part of a name proper," and it was accordingly held that where in one proceeding "Jr." was used, and in another it was not, that it was wholly immaterial.

In *People v. Boggs*, 20 Cal. 433, the indictment was against James B. Boggs and the verdict was against "defendant J. M. Boggs." It was held that the error was immaterial. (See *People v. Ah Kim*, 34 Cal. 189; *People v. Hughes*, 29 Cal. 262.) In 1 Bishop's New Criminal Procedure, section 687, it is said: "Junior and senior are no part of a name, however commonly employed. So that neither the omission nor insertion of either, contrary to what would be deemed proper, will create a variance or otherwise injure the indictment." The text is supported by many cases cited in the footnote at page 407.

It is claimed that the court erred in overruling a challenge to the panel of jurors. It appeared during the drawing of the jury that a part of the regular panel of jurors, six in number, had been called in another department of the superior court in a case on trial in such other department, and for this reason did not answer to their names when called. The clerk informed the judge of the court that there were six names in the box at the time of the commencement of the drawing of the jury who were engaged in the trial of a case in another department of the court. The judge, addressing defendant's counsel, said: "Now, gentlemen, we will take this jury out of the box, take those six names out of the box and draw again, or proceed as we have proceeded up to this point, as you please, addressing myself now to the defense. What is your pleasure about it? When we commenced to draw the jury for this case there were the names of six jurors who were engaged in another department on a jury trying a case. Obviously, those names ought not to have been in the box. We will take them out of the box and commence to draw again or go on with the trial, as you please."

The attorneys for defendant answered: "I think we would rather have them taken out of the box." After some further remarks the judge said to defendant's counsel: "What I want to do is simply to give you an opportunity to have a full panel drawn without those names in the box. I understand you, therefore, to waive any informality up to this point." Counsel

for defendant answered: "Yes." No objection or exception appears in the record up to this point to the regular panel, or to taking six jurors out of the box. After the regular panel was exhausted, the court ordered a special venire to issue for eight jurors. No objection or exception was taken to the special panel before the jurors were sworn, the jurors were examined, the jury completed, and all sworn to try the cause. After the jury had been sworn, the defendant's counsel challenged the panel on the ground "that there was not in the box at the commencement of the drawing, or at, and at any time during, the drawing, the full number of names that should be there during the drawing." The court denied the challenge, and defendant excepted. We think the challenge was properly denied. It did not appear whether the challenge was to the regular panel or to the panel returned on the special venire, or to both panels. If it was the intent to challenge the regular panel, the defendant had expressly waived any irregularity in that regard. If the intent was to interpose a challenge to the panel called on the special venire, this could only be done on account of the bias of the officer who summoned them, which would have been good ground of challenge to a juror. (Pen. Code, sec. 1064; *People v. Durrant*, 116 Cal. 195, and cases cited.)

Whether the intent was to interpose a challenge to either panel, or to both, it must have been taken before a juror was sworn. (Pen. Code, sec. 1060.)

While the witness Nevis was testifying, he referred to one of the parties who robbed him as a little man about five feet high, more or less. The district attorney then said: "How did his size compare with this defendant's? Will you stand up, Mr. Oliveria" (speaking to defendant). Counsel for defendant said: "We object to this question and to his, the defendant's, standing up, on the grounds that it is immaterial, incompetent, and irrelevant." The court overruled the objection, and defendant excepted and now claims in his brief that it was error to make the defendant stand up and thereby testify against himself. The record only shows that the district attorney asked defendant to stand up. It does not show that the judge told him to stand up or that he did stand up. But if it were disclosed by the record that he was compelled by the court to stand up for compari-

son this would not be error.   (*People v. Goldenson,* 76 Cal. 347.)

The confessions of the defendant to the effect that he was guilty of the crime, and that he assisted in forcibly taking the money from Nevis, were admitted in evidence.   Defendant claims that such confessions were not free and voluntary, and were made under the inducement of a promise that it would go easier with him if he would confess.   Three witnesses for the prosecution testified to the effect that the confessions were voluntary on the part of defendant, and not made under the influence of threats, intimidations, promises, or inducements of any kind.   It was attempted by defendant's own testimony to show that promises were made to him that it would be made easier for him if he would confess.   We do not think the defendant's evidence clearly shows any such promises, but, if it did, the jury, under proper instructions from the court, were the sole judges of the credibility of the witnesses in regard to the matter.   It would be a strange rule that would allow the confessions of a defendant to be given in evidence upon clear proof that they were made voluntarily and without any promise, threat, or inducement, and then allow them to be stricken out upon the defendant testifying that they were made under the fear of a threat or the influence of a promise.   If such were the law, it would always lie in the power of a defendant to clear away from the case all confessions by his own evidence, and this regardless of the truth of such testimony.   It is said that defendant was drunk at the time of the commission of the offense, and that the court erred in not instructing the jury fully as to drunkenness. The court of its own volition, and we think correctly, in its charge to the jury stated pretty fully the law as to voluntary intoxication in criminal cases.   No error is alleged as to the giving of the instruction.   It may not have been as full a treatise on the law of drunkenness as defendant desired, but it certainly covered the law pertinent to the evidence in this case.   Defendant does not complain of the refusal of the court to give any instruction asked by him.   If he desired an instruction containing a correct rule of law upon the evidence and pertinent to the case he should have asked it, and, if it had been refused, assign such refusal as error.   The failure of the court to instruct the jury upon any proposition deemed essential by the defendant is not

error, unless he made a request for such instruction. (*People v. Fice,* 97 Cal. 460.)

The remark made by the judge to defendant's counsel during the progress of the trial is not reversible error. The manner of counsel in asking many apparently immaterial questions and repeating them seems to have exhausted the patience of the judge and to have merited at least some rebuke. The language used by the judge in addressing counsel evidently was not that of a Chesterfield. The same thing probably could have been said in language more courteous and with more regard to feelings of counsel; yet we do not think the remark was such as to have prejudiced the rights of the defendant.

The judgment and order should be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.