[Crim. No. 1011.   Department Two.—December 31, 1903.]

## THE PEOPLE, Respondent, v. ERNEST DOWELL, Appellant.

CRIMINAL LAW — BURGLARY — TESTIMONY OF CO-DEFENDANT — CROSS-EXAMINATION—ENTRY IN MEMORANDUM-BOOK.—Upon a prosecution for burglary, where a defendant, jointly indicted with the appealing defendant, testified that he alone had committed the burglary, and that he had not seen the appellant after the next morning until he met him in Peoria, Illinois, where both of them were arrested, it was proper on cross-examination to show to the witness a memorandum-book kept by him as a diary, and to ask him if a memorandum therein appearing, to the effect that he and appellant left together the next day, was not in his handwriting, and after he had repeatedly denied that it was, it was not prejudicial error to allow the prosecution to ask him directly and pointedly whether the entry was not made by him.

ID.—ERRONEOUS INSTRUCTION—INTOXICATION AS AFFECTING DEGREE—HARMLESS ERROR.—Upon a prosecution for burglary, the degree of the crime is fixed solely by the time of the commission, whether at night or in the daytime; and it was erroneous to instruct the jury that "evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of the crime." But where the sole defense was, that the defendant did not commit or aid in the burglary, and the defendant did not claim that he was intoxicated to such a degree as to render him incapable of forming a criminal intention, but assumed to give a full account of all that transpired with minute detail, and requested an instruction on the question of the effect of intoxication, he was not prejudiced by the error.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

W. H. & C. L. Shinn, for Appellant.

U. S. Webb, Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

LORIGAN, J.—The appellant was convicted of burglary in the first degree, and from the judgment and an order denying his motion for a new trial appeals.

The burglary charged was the felonious entry of a room in the Doty Block, in the city of Pasadena, occupied by several young men employed at the Hotel Green in that city. The result of the entry was the abstraction from said room of a large amount of wearing-apparel belonging to its occupants.

Several alleged errors are relied upon for reversal.

One F. A. Smith had been jointly informed against with the appellant for the offense, and had pleaded guilty. Both he and appellant were arrested in Peoria, Illinois, where they had gone immediately following the alleged burglary. Smith was called as a witness on behalf of appellant and testified, among other things, that he alone had committed the burglary, that although he and appellant had been together all the afternoon, and the latter had gone with him to the block where the burglary was committed, and remained with him during the night after the burglary was accomplished, yet appellant had nothing to do with it; that they separated the next morning, and he did not see the appellant again until he met him in Peoria.

On cross-examination the witness was shown a small memorandum book kept by him as a diary, and was asked by the district attorney if an entry appearing therein was in his handwriting, to which he responded in the negative. He was again asked the same question, to which he answered that he did not think it was. He was then asked the direct question whether such entry appearing therein, "Left Los Angeles with Jiggers February 4th" (Jiggers was a nickname for the appellant), was not made by him. To this last question he replied that he did not remember ever making it, and did not think any of it was in his handwriting.

Appellant complains that the inquiry, in the manner it was made, and after the denial of the witness that the entry was in his handwriting, was prejudicial to him. We do not think so. It was proper in cross-examination for the people to contradict the witness's statement on direct examination, that he did not see appellant after the night of the burglary until he met him at Peoria, by calling his attention to an entry found in a diary in all other respects confessedly kept by the witness, tending to show that they had left Los Angeles together. It is true that the witness denied that the entry was

in his handwriting, but as it was found among other entries in the diary made by him, this was sufficient warrant for asking the question directly and pointedly as it was asked. Even if it were error to ask it, it was not such prejudicial error as would warrant a reversal. Whether the appellant and Smith left Los Angeles together next day was not an essential fact in the case necessary to be proven to warrant a conviction. That both of them were together during the day and night of the burglary, and left Los Angeles the next day or the day following, and were together in Peoria within about two weeks afterwards, is admitted. How they left Los Angeles, whether separately or in company, was not a matter of grave importance.

The principal ground of complaint, however, is relative to an instruction given by the court on the matter of intoxication.

The court instructed the jury that: "Evidence of drunkenness can only be considered by the jury for the purpose of determining the degree of crime, and for that purpose it must be received with great caution."

This instruction should not have been given. It has no relevancy in a trial for burglary. The degree of crime in such a case is not measured by the mental condition of the defendant. Whether he was intoxicated or not is entirely a false quantity to be considered in determining the degree of guilt. The degree is determined solely by reference to the time the felonious entry into the building was made; if in the night-time, it is burglary in the first degree,—if in the daytime, in the second degree. Intoxication has nothing to do with the degree. It is only relevant in considering the question of the intent with which the entry was made, and is to be considered by the jury for the sole purpose of determining whether the person accused was intoxicated to such an extent as to render him incapable of forming the specific criminal intent essential to constitute the crime.

But while the giving of such an instruction would be error in a case which properly called for a correct instruction with reference to intoxication as bearing on the question of the intent with which the entry into the building was made, yet in the case at bar the appellant has no ground to complain of the giving of the instruction in question.

It was not claimed by him upon the trial that he was intox 'ated to such a degree as to render him incapable of forming such criminal intent in entering the building as was essential to constitute burglary. It is true he had been drinking during the day to a considerable extent. He was not sober, but he did not claim that he was so drunk as not to fully know all that happened during the entire afternoon and evening. He gave a full account of all that transpired during that period, with minute detail. It is only on this appeal that his counsel insists that one of the defenses of the appellant was that he was intoxicated on the night of the burglary. Several instructions were asked by the appellant to be given to the jury in his behalf, and they were given, but we find among them no requested instruction on this alleged defense. It is apparent from the entire record that no such defense was urged, and that it is only made now to take advantage of the instruction requested by the people and given by the court, but which was not relevant to any defense made on the trial.

The sole defense relied on by the appellant before the jury was, that he did not commit, or in any respect aid in, the commission of the burglary, or enter the room; that he was not with Smith when he entered it, knew nothing of his intention to enter it, did not in any manner participate in the offense, and was not near the Doty Block when it was committed. His defense was not that he did not commit the burglary, or, if he did, that he was intoxicated, but solely that he did not commit it or participate in it.

In fact, there is no evidence in the case showing that the appellant actually entered the room, and from the instructions of the court and the evidence in the case it would appear that the appellant was prosecuted and convicted upon the theory that, while he did not actually enter the room, he aided and abetted Smith in his entry of it and perpetration of the crime.

Several other errors are alleged, mainly in the admission of evidence, but we do not think they have any merit or require particular mention.

The judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.