[Crim. No. 510. First Appellate District.—September 18, 1914.]

THE PEOPLE, Respondent, v. THOMAS MORAN et al., Defendants; THOMAS MORAN, Appellant.

CRIMINAL LAW—ACCUSED AS WITNESS—CROSS-EXAMINATION.—Where a defendant in a criminal prosecution submits himself as a witness, he is subject to the same tests for ascertaining the truth as any other witness who takes the witness stand.

ID.—PRIOR CONVICTIONS—ELICITING ON CROSS-EXAMINATION.—Where the accused in a burglary case has admitted two prior convictions upon arraignment, he may be asked on cross-examination at the trial if he has ever been convicted of a felony.

ID.—NUMBER OF PRIOR CONVICTIONS—BRINGING OUT ON CROSS-EXAMINATION.—He may also be asked, as affecting his credibility, how many times he has previously been convicted.

ID.—INSTRUCTION AS TO PURPOSE OF CROSS-EXAMINATION—FAILURE TO REQUEST.—The omission of the court to instruct the jury that the purpose of admitting the testimony with reference to prior convictions was for the sole purpose of impeachment, is not error, if the defendant has made no request for such instruction.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Edwin V. McKenzie, for Appellant.

U. S. Webb, Attorney-General, and John M. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN J.—This is an appeal from the judgment and from an order denying the defendant Moran's motion for a new trial.

The appellant together with one Stephen Burton, was charged by information with the crime of attempting to commit burglary. Upon the trial, Burton was acquitted and Moran was convicted. In the information appellant was also charged with two prior convictions, which, upon arraignment, he admitted.

During the trial Moran took the witness stand and testified in his own behalf. Upon cross-examination, over his objection, he admitted that he had previously been convicted of a felony. He now assigns as error the action of the court, overruling his objections to the questions which elicited this evidence. Having submitted himself as a witness, he was subject to the same tests for ascertaining the truth as any other witness who takes the witness stand. (*People* v. *Arnold,* 116 Cal. 682, [48 Pac. 803] ; *People* v. *Martini,* 21 Cal. App. 743, [132 Pac. 1069].)   His objection in this respect was therefore not well taken.

Upon further cross-examination, and in answer to the question, ''How often have you been convicted of a felony?'' the defendant answered ''Three times.''   The objection that the state was confined by the information to disclosing but two convictions, having come, as it did, after the answer, was too late to preserve the point for the consideration by this court. Moreover, if, upon cross-examination, it was permissible, as going to the witness' credibility, to ask if he had ever been convicted of a felony, it would seem to follow that the witness might also be asked how often he had been so convicted, as tending to throw light upon the same point.

The court's omission to instruct the jury that the purpose of admitting the testimony with reference to prior convictions was for the sole purpose of impeachment, was not error, since the defendant made no request for such instruction.   (*People*

v. *Oliveria,* 127 Cal. 376, [59 Pac. 772] ; *People* v. *Winthrop,* 118 Cal. 85, [50 Pac. 390].)

No error was committed by the court in its instructions to the jury. The instructions of the court upon the subject of intoxication were not inconsistent, and correctly stated the law upon the subject. (*People* v. *Young,* 102 Cal. 411, [36 Pac. 770] ; *People* v. *Dowell,* 141 Cal. 493, [75 Pac. 45].)

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.