No. 9693.

BAUER *v.* THE PEOPLE.

CRIMINAL LAW—*Accomplice as Witness—Waiver of Privilege.* Where a witness for the prosecution, accused of the same crime, being fully informed by the court of his rights, waives his privilege, and testifies freely as to one element of his guilt he waives his privilege likewise as to every other element. He is not to give all possible damaging evidence against the accused, and then assert his privilege. The credibility of his evidence is a proper subject of inquiry.

*Department One.*

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. FANCHER SARCHET, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. FOREST C. NORTHOUTT, Assistant, for The People.

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFF in error (defendant in the court below and hereinafter so designated), was found guilty of unlawfully carrying intoxicating liquor. The information on which he was tried charged also that he had theretofore been convicted of a violation of the same act, thus making the charge against him a felony. Motion for a new trial having been overruled sentence was pronounced upon the verdict. From that judgment the defendant brings error, and the cause is now before us on his application for supersedeas.

One John Schneider was a material witness for the people. He testified, among other things, that he had accompanied defendant to Cheyenne, Wyoming, where the whiskey was bought and from which point it was brought into Colorado; that a considerable quantity of it was bought by defendant; that the party left Cheyenne about 2 a. m., and reached defendant's home in Colorado in the early hours of

the morning; that witness himself had been informed against for illegally transporting this same liquor. Whereupon the court interposed and informed him of his rights as a defendant in that case, and advised him that he was not obliged to incriminate himself. It thereupon appeared that the witness had employed counsel who was then in court, and advised the court that he had fully explained to the witness, and that witness fully understood, his rights and privileges. Thereafter the witness testified as to many details of the transaction but when, asked on cross-examination if he had been previously convicted of a crime, his counsel objected to his answering, and counsel for the people explained to the court that the charge pending against the witness also included a charge of prior conviction, and hence constituted a felony, and an answer to the question now propounded might tend to incriminate him. This objection was sustained by the court and the defense precluded from examining on this subject. Counsel for the defendant moved to strike out all the testimony of Schneider because he declined to submit himself to cross-examination. This motion the court overruled, but the witness was permitted to give additional testimony on other matters.

To each of these adverse rulings defendant saved an exception, and the alleged error of the court in refusing the defendant permission to cross-examine the witness on the subject of his former conviction, and to strike out his testimony, are the only matters requiring our consideration at this time. These rulings were clearly error.

When this witness, with full information from the court as to his rights, and under advice of counsel, saw fit to waive his privilege and testify freely as to one element of his guilt, he waived it likewise as to the other. He could not be permitted to waive until he had given all possible damaging evidence against the defendant, and then claim the privilege the instant the credibility of that evidence was to be inquired into. Such a rule, once established, might permit the most innocent man to be convicted upon

the most unreliable testimony and save that testimony from the acid test of cross-examination, which, if applied, would utterly anihilate it. *People v. Arnold*, 116 Cal. 682, 48 Pac. 803.

For this error the judgment is reversed and the cause remanded with directions to the court below to set aside the verdict and grant defendant a new trial.

Garrigues, C. J., and Teller, J., concur.