[Crim. No. 3396. Second Appellate District, Division Two.—December 16, 1940.]

THE PEOPLE, Respondent, v. BILLIE E. DEAL, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

Earl Warren, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant appeals from a judgment of conviction of the crime of robbery in the second degree with a prior conviction of petty theft. The grounds of appeal are: (1) The insufficiency of the evidence, and (2) error in instructing the jury with respect to the law of reasonable doubt.

On April 29, 1940, about 10:30 o'clock P. M., one Tony Guisto entered the cafe at 511 South Main Street, in Los

Angeles, seated himself at the counter, and while consuming his food and drink, defendant approached and occupied the chair next to him. The two engaged in conversation in the course of which Guisto purchased a bottle of beer for defendant. They sat and visited together for twenty minutes. Defendant suggested that he would get his own wife for Guisto and another girl for himself. The "Wife" at once joined them and about 11 P. M. the trio sauntered forth, walked "three or four doors and finally picked up another girl" who carried a bouquet. The girl with the flowers professed to know of a place to drink and joined defendant in leading the party south to 'Sixth Street, thence east toward Los Angeles Street. When they reached a point opposite the Greyhound station, Guisto smelled the flowers and immediately "saw stars". He reposed in slumberland about twenty minutes. On regaining consciousness at 11:20 o'clock, lying on the sidewalk, he discovered that his money, in the sum of $35, his pen and pencil had been removed from his pockets and that "the inside of his jaw was cut through to his teeth". He promptly reported the crime to the police to whom he stated that his assailant had a bandage on his right hand. A week later Guisto found defendant in the same cafe, his hand was bandaged in the same manner as on the night of April 29th but it was his left hand. Guisto promptly caused the arrest of defendant who admitted to the officer he was at the cafe on the evening of the 29th of April but denied he had robbed or even seen Guisto at that place.

The foregoing is the substance of Guisto's testimony. It contained no inherent improbabilities or glaring inconsistencies. Guisto was neither eager nor unfriendly. In fact, he had been brought to court pursuant to a bench warrant after he had ignored a subpoena. The jury must have believed that Guisto's convivial communion with defendant and their plans for a party with the two women enabled Guisto to recognize his assailant. Surely the time they spent together, each looking into the face of the other, afforded the victim ample opportunity to gain an impression of the features, frame and figure of his newly found companion that would last a week. Lack of aptness in the use of verbiage and obtuseness of expression in assigning reasons for identifying a person do not defeat the honest opinion of a witness. Following the

assault, he reported that his assailant's right hand was bandaged whereas a week later when arrested his left hand was bandaged. This variance in the observation of Guisto might have been properly by the jury ascribed to the influence of the blow he had suffered just before he made his statement to the police. It is true that Guisto had never seen appellant prior to his first meeting him in the cafe and also he testified that the only way he remembered that appellant was the man was the bandage he had on his hand. But he observed that defendant had the same build and the same height as the man with whom he drank and visited in the cafe on April 29th. The identification of defendant might have been satisfactorily made by Guisto without his specifying any distinguishing mark on defendant's person. Whether a witness should be required to give a detailed description of a person after an observation under unusual circumstances or whether his belief as to the identity of such person is sufficient, is a matter to be determined by the jury. Even though the identifying marks or features described are meager in number, the finding by the jury, when approved by the trial judge, meets the requirements of the law. ■ "On appeal this court may not disturb such finding and the action of the trial court . . . unless we can say as a matter of law that there was no evidence to support the conviction". (*People* v. *Farrington*, 213 Cal. 459 [2 Pac. (2d) 814].)

In one reported case, the appellant when first seen in the midst of a holdup held a handkerchief to his face. The witness was sure that appellant was the man he saw, basing his belief upon "one good look" at him when the bandit let the handkerchief drop. The witness could neither describe the handkerchief nor its color nor that of the bandit's overcoat or hat. Another bank employee identified the appellant as a participant in the crime although he had but one scrutiny of appellant's face below the edge of his hat. This evidence was sufficient proof of identity. The court held "that the evidence identifying the bandit need not be positive". (*People* v. *Radovich*, 122 Cal. App. 176 [9 Pac. (2d) 542] ; see *People* v. *Griggs*, 114 Cal. App. 133 [299 Pac. 555] ; *People* v. *Madsen*, 93 Cal. App. 711 [270 Pac. 237].) In *People* v. *Waller*, 14 Cal. (2d) 693, 696 [96 Pac. (2d) 344], it was held that a conviction will be sustained although the witness goes no further than to testify that he believes the accused

is the one who committed the crime. "Whether the identification was sufficiently convincing was a question of fact for the jury". (*Commonwealth* v. *Reid*, 123 Pa. Super. 459 [187 Atl. 263].) "Identification may be made through the perception of any of the senses and it is not essential that the witness should himself be free from doubt as to the correctness of his opinion . . . A witness may testify that it is his belief, opinion or judgment that the accused is the person who committed the crime." (Wharton's Crim. Ev., vol. 2, 1626, 1776.)

A scrutiny of the authorities cited by appellant (*Commonwealth* v. *Reid*, *supra; People* v. *O'Hara*, 332 Ill. 436 [163 N. E. 804]; *Mathis* v. *State*, 121 Fla. 232 [163 So. 479]); *People* v. *Lamson*, 1 Cal. (2d) 648 [36 Pac. (2d) 361], discloses that either the factual basis or involved legal problems alien to the question of identity renders them inapplicable to the facts of this case.

■ Appellant assigns as error the refusal of the court to give to the jury the following requested instruction: "Before you can convict the defendant in this case, it must appear from the evidence, beyond a reasonable doubt, that the defendant and not someone else committed the offense charged. It is not sufficient that the evidence shows that someone committed the crime, if it does so show, or that the probabilities are that the defendant and not someone else committed the crime. Unless those probabilities are so strong as to remove all reasonable doubt as to the guilt of the defendant your verdict must be not guilty." This claim is readily disposed or by the language of 1096 of the Penal Code which was read to the jury. The succeeding section provides that no further instruction on that subject need be given.

For the reasons given, the judgment and the order denying a new trial are affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing was denied on December 26, 1940, and appellant's petition for a hearing by the Supreme Court was denied on January 15, 1941. Houser, J., and Carter, J., voted for a hearing.