THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO PÉREZ FIGUEROA, Defendant and Appellant. SAME *v.* SAME. SAME *v.* SAME.

Nos. 11184, 11185, and 11186.  Argued February 7, 1946. — Decided February 13, 1946.

*Néstor A. Rodríguez Escudero* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras* for appellee.

MR· JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was charged with the crimes of assault with intent to commit murder, carrying a weapon, and violating the Act for the registration of firearms. The three cases were jointly tried on the same day. After the jury had retired to deliberate, the court heard the additional evidence as to the violation of the Act providing for the registration of firearms, and the jury having returned a verdict of guilty of assault with intent to commit manslaughter, the court, on the merits of the evidence, found the defendant guilty of the two misdemeanors charged against him. The defendant there-

upon appealed from the three judgments. Upon seeking the reversal of these judgments, appellant has assigned several errors, one of which only merits our consideration, to wit: whether the court, under the circumstances of this case, erred in refusing to instruct the jury on the offense of aggravated assault and battery. In order that the failure to charge on the offense of aggravated assault and battery, in a case which, like an assault with intent to commit murder, includes the lesser offense of aggravated assault and battery, be reversible error, two circumstances must concur, to wit: (1) it should appear that the evidence warranted such instruction; *People* v. *Arnold*, 48 Pac. 803 (Cal. 1897); and (2) that said instruction was requested and the court refused to give it. *People* v. *Arnold, supra,* and *People* v. *Díaz,* 63 P.R.R. 948.

In the present case the evidence did not warrant the instruction on aggravated assault and battery, inasmuch as the evidence for the prosecution tended to prove, at least, the crime of assault with intent to commit manslaughter, while that for the defendant tended to prove that the assault was caused by the injured party himself, who pulled out his gun in order to assail the appellant, whereupon a struggle ensued, appellant striving to avoid the assault, and in the midst of the struggle a shot went off from the injured party's gun, who thereupon received a bullet wound. But even if the evidence were sufficient to warrant the instruction on aggravated assault and battery, which we deny, the omission to give the instruction would not have been reversible because no such instruction was requested by the appellant.

As we previously stated, the other errors assigned are so lacking in merit that no discussion is necessary.

For the reasons stated the three judgments appealed from must be affirmed.