[Crim. No. 4067.   Second Dist., Div. Two.   Apr. 8, 1947.]

THE PEOPLE, Respondent, v. WILLIAM B. ALEXANDER, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

MOORE, P. J.—Contending that the evidence against him is inherently improbable and that the court "applied an improper rule of law," defendant appeals from a judgment of conviction of robbery of the first degree, i. e., one committed while the robber is armed with a deadly weapon. (Pen. Code, § 211a.)

On Friday, March 29, 1946, at 11 a. m. three Negro men entered the jewelry store of Peter Borisoff in the city of Los Angeles. By holding a gun they forced the proprietor into a back room, took off his clothes, removed certain merchandise including a diamond wrist watch worth $575 from the store and departed. On the following day at a service station where defendant worked he participated in a crap game with some eight or ten persons. While the game was in progress he borrowed $200 from Robert Easley, one of the gamblers, on the same watch that had been taken from Borisoff. When Easley received a call from the police on the day following the crap game he advised them that he had obtained the watch from appellant whose arrest followed. Easley testified that no other participant in the game made any claim to the watch identified by Borisoff as having been one of his possessions stolen on March 29.

The primary contention is that the identity of appellant as one of the thieves was not established. The proof on that issue is abundant. Borisoff testified that appellant and two other men called at his store on Monday, on Tuesday, twice on Thursday and on Friday the 29th of March. He

conversed with appellant on the occasions of the first four visits and became familiar with his voice. He remembered the hat and clothing worn by the bandit on Friday and described them. Having gazed upon appellant's face on Friday, he was absolutely "sure he is the man . . . there is no question about it." He testified that appellant and the smaller man who held the gun on the witness wore goggles while in the store. When Borisoff went to court to attend the preliminary hearing he promptly identified appellant as one of his robbers.

The witness Larry Reid about 11 a. m. on March 29, observed appellant with two other men immediately after the robbery as they walked very fast on the east side of Western Avenue about two doors north of the jewelry store. On reaching the corner of Second Street they turned sharply east and "broke into a dead run." Later the witness positively identified appellant's photograph among four or five shown him by the officers. Also, he identified appellant several days later in the custody of two officers and again at the trial.

Such proof of identity is sufficient to support a conviction. While positive identification is not essential to a conviction (*People* v. *Addington,* 43 Cal.App.2d 591, 593 [111 P.2d 356]; *People* v. *Whitson,* 25 Cal.2d 593, 604 [154 P.2d 867]) Borisoff's recognition of appellant as one of the three robbers was definite and Reid was positive that Alexander was one of the three men hastening from the scene of the crime. ■ Whether a witness is accurate in his observation of an accused person is a matter for the determination of the trial court. ■ Even though the witness has had but a glimpse at the features of an accused, if his testimony carries conviction it is sufficient. (*People* v. *Deal,* 42 Cal.App.2d 33, 36 [108 P.2d 103] and authorities therein cited. ■ In the instant case such proof is neither inconsistent nor inherently improbable. It was supplied by two unimpeached, adult residents of the community in which the robbery occurred.

■ In addition to the identification of appellant by the victim and a casual observer little doubt of his identity could be entertained by an impartial mind when supplied with the fact that this appellant, an attendant at a filling station, was shown to have had possession of a $575 diamond wrist watch on the day after it was stolen and that he pledged it as collateral for a loan. While such possession would not, standing alone, suffice to determine the possessor's guilt, yet as evidence,

its quality is of such high degree that only slight corroborative proof of other inculpatory circumstances would warrant a conviction. (*People* v. *Wiley,* 8 Cal.App.2d 135, 136 [46 P.2d 817] ; *People* v. *Bonner,* 5 Cal.App.2d 623, 631 [43 P.2d 343] ; *People* v. *Swanson,* 120 Cal.App. 173, 176 [7 P.2d 380].) The case of *People* v. *Nichols,* 52 Cal.App.2d 31 [125 P.2d 513], is not pertinent. It merely declares an ''axiomatic'' rule that a judgment not based on substantial or credible evidence will be reversed.

■ Slight inconsistencies or changes in the testimony of a witness or conflicts in the testimony of two or more witnesses adduced by the prosecution do not authorize a reversal. Whether appellant wore goggles in the store and not on the street; whether he wore one brown hat and not another; whether his hirsute adornment was present or he was clean shaven—these are of slight concern in the face of positive proof of his identity.

The appellant's testimony that he was employed in washing and servicing his employer's automobile at 11 a. m. on March 29, was not such as the court was required to believe. The record reveals that appellant is unsupported in his claim that at the hour of the robbery he was either at the home of Ollie Jackson on 48th Street or was driving the latter's car to him.

After the case was submitted, a jury having been waived, the court announced: ''I don't think the evidence is sufficient to raise a reasonable doubt.'' From such utterance appellant contends that the court placed upon the defendant the ''burden of proving a reasonable doubt as to his guilt.'' ■ In the first place neither the judge's final opinion nor his casual observation with respect to the evidence or concerning a rule of law has a place in the record. Only what he includes in his decision is of any consequence. (*Lord* v. *Katz,* 54 Cal.App.2d 363, 367 [128 P.2d 907] ; *Lawrence* v. *City of Los Angeles,* 53 Cal.App.2d 6, 10 [127 P.2d 931].) No antecedent expression of the judge, spoken casually or embalmed in printed words, can constitute a limitation upon his power to enter a decision. (*Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179].)

■ But the criticized pronouncement from no standpoint is error. Clearly the court had reference to appellant's evidence of an alibi. The very purpose of proving an alibi or any affirmative defense is to prove the impossibility of the defendant's having committed the crime alleged or to raise a reasonable doubt that he had done so. If he has raised such

doubt by proof of an alibi, or if such doubt has arisen from the weakness of the People's case, the accused is entitled to an acquittal. The language of the court is a familiar phrase in criminal prosecutions and does not modify the rule which requires the prosecution to prove the guilt of the accused beyond a reasonable doubt. (See I Wharton's Criminal Evidence, § 215, pp. 244, 245, 247.) ██ The true doctrine is that if the accused relies upon an alibi to defeat a prima facie case he carries the burden to prove it to such a degree of certainty as will, upon a consideration of all the evidence, leave a reasonable doubt of his guilt in the minds of the jury. (*People v. Costello*, 21 Cal.2d 760, 765 [135 P.2d 164] ; *People v. Dowell*, 204 Cal. 109, 118 [266 P. 807].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.