[Crim. No. 2159.   Third Dist.   Mar. 27, 1950.]

THE PEOPLE, Respondent, v. JAMES STEWART, Appellant.

George E. Foote for Appellant.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General for Respondent.

ADAMS, P. J.—Appellant was convicted by a jury of a violation of section 288 of the Penal Code, the victim being a boy of the age of 11 years. Motion for a new trial was denied. The only ground of this appeal is insufficiency of the evidence.

The parents of the boy lived in a guest house which they operated. The boy's bedroom was in the basement of the house, while his parents slept on the first floor. Appellant moved into the guest house on December 22, 1948, paying in advance the charge for room and board for one week. His room was in the basement, across the hall from the boy's room, there being a light in the hall ceiling between the two rooms.

On the evening of December 23d there was a party in the

guest house which was attended by some 30 or 35 people, including defendant. It broke up about midnight. At the trial the boy testified that he went to bed about 11 o'clock; that about 2 o'clock a. m. he awoke to find the defendant trying to get on top of him, feeling around his private parts, and committing other lewd acts; that after a few minutes he made his escape and went upstairs where he reported the incident to his parents. He stated that his room was dark and he could not there identify his assailant, but that when he reached the top of the stairs he looked back and saw defendant's face in the light; that defendant was then headed toward his own room, rubbing his hands over his hair and fixing or smoothing his clothes. He clearly identified Stewart, and said that it looked to him as if defendant were coming out of his (the boy's) room, and that no one else was in the hall. He told his parents that Stewart "was in my room doing nasty things." There was also testimony that defendant left the guest house the next morning and did not return.

After his arrest defendant told a detective that early in the morning of the 24th he went to a hotel and spent the remainder of the night; but later he changed his story and said that when he left the guest house he went to the home of a former employer in whose car he slept until morning. When asked if he had had anything to do with the boy he said he did not remember of doing it, and if he did the things charged he should be punished for it. Admissions of several prior felony convictions were made with reluctance.

We think the foregoing is sufficient to sustain appellant's conviction, and, on motion for a new trial, the court so held. All presumptions are in favor of the judgment on appeal. There is no question of the commission of the offense by someone; and on the question of identity of the assailant the court held, in *People* v. *Alexander,* 78 Cal.App.2d 954, 956 [178 P.2d 813], where a jury was waived, that whether a witness is accurate in his observation of an accused person is a matter for determination of the trial court, and that even if the witness has had but a glimpse of the features of an accused, if his testimony carries conviction it is sufficient. Also see *People* v. *Deal,* 42 Cal.App.2d 33 [108 P.2d 103] (hearing in Supreme Court denied) where, in a case of questioned identity, the court quoted from *People* v. *Farrington,* 213 Cal. 459, 463 [2 P.2d 814], to the effect that on appeal the finding and action of a trial court (on motion for a new trial) will not be dis-

turbed unless it can be said, as matter of law, that there was no evidence to support the conviction; and it was also said that whether the identity was sufficiently convincing was a question of fact for the jury. To a like effect see *People* v. *Young,* 102 Cal. 411, 413 [36 P. 770]; *People* v. *Rolfe,* 61 Cal. 540, 543; *People* v. *Flood,* 41 Cal.App. 373, 377 [182 P. 766].

The judgment and order denying a new trial are affirmed.

Sparks, J. pro tem., and Peek, J., concurred.