STATE OF NORTH DAKOTA *vs.* JAMES MONTGOMERY, *et al.*

Opinion filed October 11, 1900.

**Assault and Battery—Verdict Sustained by Evidence.**

Evidence examined and *held* that the verdict has substantial support in the evidence.

**Error Without Prejudice.**

*Held,* further, on ground set forth in the opinion, that certain rulings of the trial court, made in the progress of the trial, were not erroneous and could not have been prejudicial to any of the substantial rights of the defendants, and hence that such rulings furnished no ground for reversing the judgment.

**Reasonable Doubt—Definition.**

In the course of its charge the trial court defined a reasonable doubt of the guilt of the defendants to be "a doubt that the reasonable man can present and explain." *Held,* that this definition, while open to criticism, was not prejudical to the defendants. The propriety of attempting to define a reasonable doubt questioned.

Appeal from District Court, Eddy County; *Glaspell, J.*

James Montgomery and Maggie Montgomery were accused by information of assault and battery, while armed with a dangerous weapon, with intent to do bodily harm. They were found "guilty of an assault with provocation." They appeal from the judgment of conviction.

·Affirmed.

*T. F. McCue,* for Appellant.

The complaining witness was erroneously permitted, over defendants' objections, to testify to conclusions and to assume facts not in the record. *Curl* v. *Chicago, Etc., Ry. Co.,* 63 Ia. 417; *Peo.* v. *Lange,* 90 Mich. 454, 51 N. W. Rep. 534; *Peo.* v. *Westlake,* 62 Cal. 305. The definition of a reasonable doubt as given to the jury was incorrect. *State* v. *Sloan,* 55 Ia. 217; *Territory* v. *Bannigan,* 1 Dak. 451, 46 N. W. Rep. 597; *State* v. *Sauer,* 38 N. W. Rep. 355. The court's instruction in the following language was erroneous: "It is also possible in this case, if the jury accepts and believes the witnesses on the part of the prosecution, to find the defendants, or one of them, guilty of a simple assault." The word "possible" means that which can be done, and as used in this instruction was an expression of opinion as to the weight of evidence, and erroneous. *Territory* v. *O'Hare,* 1 N. D. 36, 44 N. W. Rep. 1003.

*P. M. Mattson,* for the State.

The court's definition of a reasonable doubt was sufficiently explicit when read in connection with other instructions in the case. *U. S.* v. *Adams,* 2 Dak. 305; *State* v. *Currie,* 8 N. D. 545. The instruction challenged, that it was possible to find the defendants

guilty of a simple assault, is justified by § 8244, Rev. Codes; 6 Enc. Pl. & Prac. 691; *Peo.* v. *Neumann*, 48 N. W. Rep. 290.

WALLIN, J.· The appellants were accused by an information filed against them of the crime of assault and battery while armed with a dangerous weapon, and with intent to do bodily harm. A trial was had, and the jury found defendants "guilty of an assault with provocation," whereupon the district court entered its judgment sentencing the defendants individually to pay a fine of $50. Defendants have appealed from such judgment, and the record sent here embraces a statement of the case containing the evidence and certain exceptions.

A motion in arrest of judgment was made and denied in the District Court, and this ruling is assigned as error. The grounds ·of the motion appear in the record, but, so far as appears, said motion was not made upon any defect, or alleged defect, in the information, but the same rests wholly upon other alleged errors of procedure at the trial and in the verdict. This assignment must therefore be overruled, for the reason that the motion was not made upon any ground upon which the motion can lawfully be made or sustained. See Rev. Codes 1899, § 8275. We have, however, examined the information, and are of the opinion that the same is legally valid, and that it sufficiently charges the offense named therein. The offense of which the defendants were found guilty—that of an assault—is an offense the commission of which is necessarily included in the offense ·charged. The words "with provocation," which were added in the verdict after the word "assault," are, we think, entirely harmless. They do not render the verdict obscure in meaning, nor do they suggest or import that the accused were, in the opinion of the jury, guilty of any offense other than assault. See *State* v. *Maloney*, 7 N. D. 119, 72 N. W. Rep. 927.

A motion for a new trial was likewise made by the defendants, and was denied. This ruling is also assigned as error in this court. The grounds of this motion include alleged errors in the rulings made by the trial court relating to the admission of the evidence and to the instructions given to the jury, and defendant further contends that the verdict itself is contrary to law and is not justified by the evidence. As has been seen, we are of the opinion that the verdict is not contrary to law, but is a verdict entirely proper under the charge made in the information, in any case where the evidence does not warrant a conviction of the offense charged, but does warrant a conviction of the minor offense of an assault without any felonious intent. It is the theory of the defendants' counsel that the evidence shows that whatever acts were done by the defendants in the way of violence upon the person of the complaining witness were done in resisting a trespass upon their premises, which the complaining witness was then in the act of committing, and that such violence was so tempered that it did not go beyond the exercise of their legal rights in defending their premises and defending themselves against assaults then made upon their persons

by the complaining witness. We have read and carefully considered all the evidence in the record, and we readily concede that there is evidence which will fully sustain the contention of counsel; but, on the other hand, there is clear and positive evidence of an assault which cannot be justified upon any theory of self-defense. This being the condition of the evidence, the case was one lying peculiarly within the province of a jury to determine, and inasmuch as the evidence is conflicting, and as there is substantial evidence to sustain the verdict, we are in duty bound not to disturb the same on the ground of the alleged insufficiency of the evidence.

We have examined the assignments of error predicated upon rulings made by the trial court during the elicitation of the evidence, and we are entirely clear that none of them are erroneous, and none, in our judgment, are of sufficient importance to justify their further discussion in this opinion; nor, in our opinion, could the rulings here complained of have prejudiced any. of the substantial rights of the defendants. Such rulings, whether erroneous or not, do not furnish grounds for reversing a judgment of conviction. See *State v. Maloney,* supra.

The instructions given in charge to the jury were quite full, and, in our judgment, they fairly presented the law of the case applicable to the testimony with reference to the defendants' theory of the evidence as well as that of the state. It was the duty of the court, in view of the charge as stated in the information, and especially in view of the conflicting character of the evidence, to state to the jury that it was legally possible for them to convict the defendants of either the offense named in the information or of certain other minor offenses legally inhering in the offense charged. In the discharge of this duty the court used the following language: "An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. If you find in this case that there was an assault committed, but it was not made with a dangerous weapon, and was not made with any intent to do a bodily harm to the person of Kennedy, then it would be your duty to render a verdict of guilty of an assault. In other words, the court charges the jury that it is possible, under the evidence in this case, to find these defendants or one of them guilty of an assault as charged in the information,—an assault to do bodily harm,—providing you believe the witnesses for the prosecution. On the other hand, it is also possible in this case, if the jury accepts and believes the witnesses on the part of the prosecution, to find the defendants, or one of them, guilty of a simple assault." Counsel criticises this language as invading the province of the jury, and contends that the court in this instruction ignored the evidence offered by the defense, and, in effect, told the jury to convict of an assault if they believed that the witnesses for the state told the truth. We cannot so construe this instruction. We think the fair import of the language is to state that, under the law and in view of the conflicting evidence in the case, the jury would be justified, if they believed

the evidence offered by the state, to acquit of the grosser offense, and convict of the simple assault, provided the jury also found that the assault was not made with any dangerous weapon or with a felonious intent. We are of the opinion that the language was not only appropriate to the case, but that it was wholly favorable to the accused, and hence could not have been prejudicial.

We shall notice but one further criticism upon the charge to the jury, which arises upon the following language: "The burden of proof is upon the state to establish the guilt of the defendants to your satisfaction and beyond any reasonable doubt. You are the judges of all questions of fact in the case, including the credibility of the witnesses that have testified before you, and you must determine these questions under the rules of law as the court now gives them to you. The defendants are presumed to be innocent until the contrary conclusively appears by competent evidence introduced here in court. The jury start out with the supposition, to begin with, that the defendants are innocent, unless the contrary has been established satisfactorily to you beyond any reasonable doubt. A reasonable doubt, however, is not an imaginary doubt. It is not something which can be called up by some one who has a prejudice against the prosecution of the defendants, but it is a doubt that the reasonable man can present and explain." Counsel insists that the words, "can present and explain," are a misleading definition of a reasonable doubt, and, as such, are prejudicial, and cites *State* v. *Sloan*, 55 Ia. 217, 7 N. W. Rep. 516; *Territory* v. *Bannigan*, 1 Dak. 451, 46 N. W. Rep. 597; *State* v. *Sauer* (Minn.) 38 N. W. Rep. 355. We have examined these cases, and find that none of them are in point except that of *State* v. *Sauer*. That case is, in our judgment, fairly in point, and is also authority against the position of counsel. In that case the trial court instructed the jury that a reasonable doubt of the prisoner's guilt means a doubt "for which you can give a reason." This point was overruled, and the Supreme Court held that, while this definition was faulty and not to be commended, the same was nevertheless not prejudicial to the defendant. In the course of the opinion the court cited *Com.* v. *Harman*, 4 Pa. St. 274, as sustaining the definition given by the trial court in the Minnesota case. We think the definition given in the case at bar is equivalent in meaning to that employed in the case from Minnesota. To say that a reasonable doubt means a "doubt that a reasonable man can present and explain" is, in our judgment, equivalent to saying that such a doubt is one "for which you can give a reason." It is our opinion that the definition, while open to criticism on grounds set forth in the case of *State* v. *Sauer*, is nevertheless not dangerously misleading, and is therefore not prejudicial to any substantial right of the defendants.

This disposes of all the assignments of error which we deem it necessary to consider, and our views as above expressed will necessitate an affirmance of the judgment; but with respect to the matter of defining, or attempting to explain, what constitutes a rea-

sonable doubt in a criminal case, we deem it not out of place to quote the language of the eminent jurist who formulated the opinion of the court in the case of *State* v. *Sauer*, supra, which is as follows: "The term 'reasonable doubt' is almost incapable of any definition which will add much to what the words themselves imply. In fact, it is easier to state what it is not than what it is, and it may be doubted whether any attempt to define it will not be more likely to confuse than to enlighten a jury. A man is the best judge of his own feelings, and he knows for himself whether he doubts better than any one else can tell him. Where any explanation of what is meant by a reasonable doubt is required, it is safer to adopt some definition which has already received the general approval of the authorities, especially those in our own state." Similar views have been expressed by many courts of high standing. See *Hamilton* v. *People,* 29 Mich. 194; *People* v. *Stubenvoll,* 62 Mich. 329, 28 N. W. Rep. 883; *State* v. *Reed,* 62 Me. 142; *Mickey* v. *Com.,* 9 Bush 593; *Miles* v. *U. S.,* 103 U. S. 304, 26 L. Ed. 481; *State* v. *Kearley,* 26 Kan. 87. The practical lesson to be learned from these cases is that attempts to define a reasonable doubt seldom, if ever, do any good, and that the attempt is always fraught with the danger of committing prejudicial error. We are clear that no error can be predicated upon the mere omission of a trial court to define a reasonable doubt, in the absence of a specific request to do so, nor are we satisfied that it would be prejudicial error to refuse on request. If, however, the trial court should, in any case, attempt to define a reasonable doubt, the only safe course to pursue is to resort to some definition which has the approval of the authorities, and thereby avoid the dangers incident to any hastily framed definition. The judgment is affirmed. All the judges concurring.·