[Cr. File No. 102.]

STATE OF NORTH DAKOTA, Respondent, v. GRACE PROBST, Appellant.

(249 N. W. 711.)

Opinion filed July 17, 1933.

*L. J. Palda, Jr.*, for appellant.

*A. J. Gronna*, Attorney General, and *Charles A. Verret*, Assistant Attorney General, for respondent.

BURKE, J. On the 28th day of July, 1931, the defendant, in justice court charged with engaging in the liquor traffic, waived preliminary examination and was held for trial to the district court. The bond for her appearance, in the district court, was fixed at $1,000. The defendant, at said time, furnished a bond for $1,000 for her appearance in the district court. The information was filed in the district court on the 22nd day of October, 1931, but on stipulation the case was continued over the term. On trial at the July 1932 term, the defendant was found guilty. On the 17th day of July, 1932 the defendant moved in arrest of judgment, stating as grounds therefor, first, that the jury, before whom the defendant was tried, was not drawn by the auditor, the sheriff, the treasurer and the clerk of the district court of said county, as authorized by law, but was drawn by their deputies. Second, that the certificate of the deputy clerk of said district court failed to show upon its face that the said jury panel was not drawn and summoned by the legally constituted jury board of said county and the facts relating to the manner of the selection of said jury were unknown to the defendant, or her attorney, and no legal grounds of challenge to the panel were known to the defendant, or to her counsel, before the trial of the action. The motion was overruled and the defendant appeals.

To the list of names of persons drawn to serve as jurors at a term of the district court to be held in the county of Ward on the 5th day of July, 1932, as shown by the venire, there appears this certificate:

"STATE OF NORTH DAKOTA,⎫     DISTRICT COURT,
                     ⎬ss:
County of Ward.            ⎭     Fifth Judicial District.

"CLERK'S OFFICE.

"We, the undersigned ——————— Clerk of the District Court of said Ward County, O. J. Weium Dep. Auditor of said Ward County, and R. L. Deirdorff Dep. Sheriff of said Ward County, and Alvin

Anderson Treasurer of said Ward County, do hereby certify that the foregoing is a true and correct list of the names of persons this day drawn by the Clerk of said District Court, and the Auditor, the Sheriff and Treasurer of said County, in presence of each other, to serve as Petit Jurors at the July Term of said District Court, to be held at the Court House, in the City of Minot, in said County, on the Fifth day of July A. D. 1932, pursuant to an order of Court, made in this behalf, and that the drawing was made by lots from the jury box of said County; that 200 names of persons duly chosen, as required by law, were placed in said jury box, and the drawing of said Jurors was made according to law.

"Dated at the office of said Clerk, at Minot, this 24th day of June A. D. 1932.

| "GRETHA HOOKE | ALVIN M. ANDERSON |
|---|---|
| Dep. Clerk of District Court for Ward County | Treasurer, Ward County |
| "O. J. WEIUM | R. L. DEIRDORFF |
| Dep. Auditor, Ward County | Sheriff, Ward County. |
| | Deputy" |

This certificate, a part of the venire, shows that the jurors were selected by the deputy auditor, deputy sheriff, deputy clerk of court and treasurer of said county and their names appear as deputies in the certificate and they also signed the certificate as deputies. The venire is a record in the office of the clerk and subject to the inspection of the attorneys and it shows on its face that the jurors were drawn, not by the officials, but were drawn by their deputies. The defendant, or her attorney, should have known the facts from an inspection of the record.

The motion in arrest of judgment amounts to a challenge of the panel. Under § 10,792, Compiled Laws of 1913 "a challenge to the panel can be founded only on a material departure from the forms prescribed by law, in respect to the drawing and return of the jury, or on the intentional omission of the sheriff to summon one or more of the jurors drawn," and under § 10,793 "a challenge to the panel must be taken before a juror is sworn, and must be in writing, specify-

ing plainly and distinctly the facts constituting the ground of challenge."

California has the same statutes and in the case of People v. Ah Lee Doon, 97 Cal. 171, 31 Pac. 933, who was convicted of murder, the drawing of the panel of jurors for the session of the court at which the defendant was to be tried was ordered by a judge admittedly disqualified to try the case. The court said: "But if the jurors drawn and summoned . . . were incompetent to try this cause, the objection should have been taken by a challenge of the panel, and if, for the purposes of this cause, the act of the judge in ordering the jurors drawn was void, as counsel contend, then certainly the statute . . . is broad enough to have given the defendant good grounds of challenge to the panel; and that was the regular and only way to raise the objection. If it had been made at that time, and sustained, a special venire could at once have been issued. Raised for the first time after verdict, it comes too late."

Whether the challenge was intended to be imposed as a challenge to either special or general panel, or to both, it was waived when not taken before a juror was sworn. People v. Oliveria, 127 Cal. 376, 59 Pac. 772.

In the instant case the question is raised by a motion in arrest of judgment. Section 10,921 provides "a motion in arrest of judgment is an application on the part of the defendant, that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant on a plea of former conviction or acquittal or once in jeopardy. It may be founded on any of the defects in the information or indictment mentioned in § 10,737, unless the objection has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment."

Section 10,737 defines the grounds upon which a defendant may demur to the information or indictment; to defects only which appear upon the face of the information or indictment.

It has been repeatedly held in this court that a motion in arrest of judgment, like the demurrer, can be made only on defects which appear on the face of the information or indictment.

In the case of State v. Kent (State v. Pancoast) 5 N. D. 516, at page 532, 67 N. W. 1052, 35 L.R.A. 518, this court said: "By § 7452,

Comp. Laws, the grounds for motion in arrest are the same as, and none other than, the grounds for a demurrer to the information, as specified in section 7292, Comp. Laws. As the objection under consideration was proper ground for motion to set aside, and was not proper ground for demurrer, it follows that it cannot be raised by motion in arrest. Learned counsel admit in argument that the point could not be raised on demurrer, and this must be so because, under our practice, a demurrer goes only to the body of the information."

In the case of State v. Montgomery, 9 N. D. 405, at page 406, 83 N. W. 873, the court said: "A motion in arrest of judgment was made and denied in the district court, and this ruling is assigned as error. The grounds of the motion appear in the record, but, so far as appears, said motion was not made upon any defect, or alleged defect, in the information, but the same rests wholly upon other alleged errors of procedure at the trial and in the verdict. This assignment must therefore be overruled, for the reason that the motion was not made upon any ground upon which the motion can lawfully be made or sustained.

California has the same statute relating to motions in arrest of judgment. "Motions in arrest of judgment can be founded only upon defects in the indictment or information enumerated in § 1004." People v. O'Leary, 77 Cal. 30–33, 18 Pac. 856, 22 Pac. 24; People v. Mc-Carty, 48 Cal. 557; People v. McConnell, 82 Cal. 620, 23 Pac. 40.

The court had jurisdiction of the offense and of the person of the defendant and the judgment must be and is affirmed.

NUESSLE, Ch. J., and BIRDZELL, CHRISTIANSON and BURR, JJ., concur.