**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Janet K. MOUNTS, Defendant and Appellant.**

**Cr. No. 910257.**

Supreme Court of North Dakota.

April 21, 1992.

Schuster, Brothers & Beauchene, Fargo, for defendant and appellant; submitted on briefs.

David D. Hagler, Asst. State's Atty., Fargo, for plaintiff and appellee; submitted on briefs.

LEVINE, Justice.

Janet K. Mounts was convicted of issuing a check without an account, a class C felony. On appeal, she challenges some jury instructions. We affirm.

Mounts opened a checking account at Gate City Federal Savings Bank (Bank) in

Fargo and deposited $805.00. Within ten days, the account was overdrawn. The Bank sent three letters to Mounts, requesting her to replenish the account. Upon her failure to deposit funds, the Bank closed Mounts' account. There was a negative balance of $721.97 in the account at the time it was closed. Mounts continued to write checks on the closed account for another seven months, bringing the total amount of "account closed" checks to $2,645.21.

The State charged Mounts with two violations: issuing a check without an account, a class C felony, in violation of NDCC § 6–08–16.2,[1] and issuing a check without an account, a class A misdemeanor, in violation of NDCC § 6–08–16.1.[2] Each statute is similarly entitled "Issuing check without account." Mounts objected to the court's jury instructions, arguing that they would mislead the jury because they failed to distinguish between the charged offenses. Mounts proposed a jury instruction which contrasted the two charged offenses by specifically referring to the one as a class A misdemeanor and the other as a class C felony.[3] However, fearing that the reference to the classification of each offense might distract the jury from its duty to consider only guilt or innocence and tempt it to speculate about the different punishment for the misdemeanor and felony, the trial court rejected Mounts' requested instruction.

Instead, the trial court, in its jury instructions, distinguished the two offenses by identifying the felony as "the offense of Issuing a Check Without an Account" and the misdemeanor as the "Lesser Included Offense of Issuing a Check Without an Account." The trial court did not mention the class of either offense. *See* NDCC § 12.1–32–01. Mounts was convicted of the felony and sentenced to five years, with three years suspended. Mounts appealed.

Mounts argues that the trial court erred in rejecting her proposed jury instruction which described the violation of NDCC § 6–08–16.1 as a class A misdemeanor and the violation of NDCC § 6–08–16.2 as a class C felony. Mounts insists that the only way the trial court could have fairly distinguished between the two violations was to expressly call one a class A misdemeanor and the other a class C felony. Mounts does not claim that the court's jury instructions misstated the applicable law, only that they failed to clearly set apart the two offenses. She says that by omitting the class of each offense, the instructions confused and misled the jury. We disagree.

■ The court must instruct the jury on the law of the case. Rule 30, NDRCrimP; *State v. Johnson*, 417 N.W.2d 365 (N.D. 1987). A court need not give instructions in the specific language requested by the defendant. *City of Minot v. Rubbelke*, 456 N.W.2d 511 (N.D.1990). Jury instructions

---

1. NDCC § 6–08–16.2 says in part:

    "2. A person who, for that person or as agent or representative of another, issues any instrument is guilty of a class C felony if that person has been previously convicted of issuing an instrument without an account pursuant to section 6–08–16.1 or without sufficient funds in a bank or depository pursuant to section 6–08–16, and:

    "a. At the time of issuing the instrument with intent to defraud, the drawer does not have an account with the bank or depository on which the instrument is drawn; or

    "b. At the time of issuing the instrument with intent to defraud, or at the time of presentation for payment if made within five business days after the original delivery of the instrument, the drawer does not have sufficient funds in the bank or depository, or credit with the bank, banker, or depository, to pay the instrument in full upon its presentation."

2. NDCC § 6–08–16.1 says:

    "Any person who issues any check, draft, or order upon any bank or depository, for the payment of money, and, at the time of such issuance does not have an account with the bank or depository, is guilty of a class A misdemeanor."

3. Mounts' proposed jury instruction said in part:

    "FORMS OF VERDICT (LESSER INCLUDED OFFENSE)

    "Three forms of verdict will be submitted, one a form for finding the Defendant 'guilty' of the crime of issuing a check without an account, a Class 'C' felony, as charged in the Criminal Information; another form for finding the Defendant 'guilty' of the crime of issuing a check without an account, a Class 'A' misdemeanor; another form for finding the Defendant 'not guilty'...."

must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. *E.g., State v. Haugen,* 458 N.W.2d 288 (N.D.1990).

▪ "Punishment, or whatever may transpire after the verdict, is not the concern of the jury." *State v. Huber,* 361 N.W.2d 236, 238 (N.D.1985), quoting *State v. Park,* 159 Me. 328, 193 A.2d 1, 5 (1963); NDJI (Crim) 2117.[4] *See also United States v. Goodface,* 835 F.2d 1233 (8th Cir. 1987). Because punishment is irrelevant to a jury's consideration, jury instructions should not inform the jury about the penalty to be imposed upon a defendant. *Id.* Disclosure of whether a crime is a felony or a misdemeanor may generate jury speculation about the disparate penalty for each class of offense and, in any event, such information is irrelevant and should not ordinarily be included in an instruction. *But see Wilson v. State,* 533 N.E.2d 114 (Ind.1989) [instruction that referred to the class of felony but not to the penalty involved was not error].

▪ In this case, the trial court was not obliged to accept Mounts' proposed instruction, even if that instruction was not objectionable. *City of Minot v. Rubbelke, supra.* The trial court was obliged to properly instruct on the law and not mislead or confuse the jury. *State v. Haugen, supra.* We believe the trial court's instructions properly stated the law and neither confused nor misled the jury. To the contrary, the trial court neatly separated and labeled each instruction on each charge. In *Spieker v. Westgo, Inc.,* 479 N.W.2d 837 (N.D. 1992), we cautioned that, to avoid confusion between the doctrines of negligence and strict liability, the trial court should clearly label and separate the jury instructions on each claim. That careful labeling and separating are precisely what the trial judge did here. The two jury instructions at issue were submitted on two separate pages. On one page there was the instruction, entitled "Essential Elements of Offense",

which correctly listed the elements of NDCC § 6–08–16.2. The next page contained the second instruction, entitled "The Lesser Included Offense of Issuing a Check Without an Account", which correctly listed the two elements of the crime under NDCC § 6–08–16.1. This second instruction correctly directed the jury that it could only "consider whether [defendant] is guilty of the Lesser Included Offense of Issuing a Check Without an Account" if it found "the Defendant not guilty of the offense of Issuing a Check Without an Account."

We believe the two instructions, each with different labels or headings, each contained in two consecutive pages, and each correctly listing the respective offenses' elements, reasonably distinguished one offense from the other. We conclude that the jury instructions were neither misleading nor confusing. Accordingly, the trial court did not abuse its discretion in declining to give Mounts' requested instruction.

Affirmed.

ERICKSTAD, C.J., LEVINE, MESCHKE and VANDE WALLE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting as a member of the Court to fill the vacancy created by the resignation of Justice H.F. GIERKE III. Justice JOHNSON, not being a member of this Court at the time this case was submitted, did not participate in this decision.

---

4. NDJI (Crim) 2117 says:
   "PENALTY OF PUNISHMENT
   "In deciding the guilt or innocence of the Defendant, you must not discuss or consider any possible penalty or punishment as that matter lies within the Court and other governmental agencies."