**STATE of North Dakota, Plaintiff and Appellee**

v.

**Leroy SCHNEIDER, Defendant and Appellant.**

**Criminal No. 950368.**

Supreme Court of North Dakota.

May 29, 1996.

Michael R. Hoffman, Bismarck, for defendant and appellant.

Francis C. Rohrich, State's Attorney, Linton, for plaintiff and appellee.

NEUMANN, Justice.

Leroy Schneider appeals a criminal judgment entered upon a jury verdict finding him guilty of criminal trespass. He argues the trial court's jury instruction on reasonable doubt was erroneous, thus requiring reversal of his conviction. We affirm the conviction.

Schneider was tried by a jury for assault and criminal trespass. Using the North Dakota pattern jury instruction, the trial court instructed the jury on reasonable doubt as follows:

### "PROOF BEYOND A REASONABLE DOUBT

The State must prove all of the essential elements of the crime charged by proof beyond a reasonable doubt. In other words, if you have a reasonable doubt that the Defendant committed the crime, then you must find the accused not guilty.

The State is not required to prove guilt beyond all doubt, but beyond a reasonable doubt.

You should find the Defendant guilty only if you have a firm and abiding conviction of the Defendant's guilt based on a full and fair consideration of the evidence presented in the case and not from any other source."

N.D.J.I.Crim. No.2002 (1995). Schneider objected to the instruction. The jury found him guilty of criminal trespass but not guilty of assault. This appeal followed.

Schneider raises two arguments to the trial court's jury instruction on reasonable doubt. He argues the phrase "all doubt," used in the second paragraph of the instruction, incompletely defines reasonable doubt. He also argues the phrase "firm and abiding conviction," used in the third paragraph of the instruction, incorrectly defines reasonable doubt. The State asserts the jury must have understood the instruction on reasonable doubt because, although it convicted Schneider of criminal trespass, it acquitted him of assault. We disagree with Schneider's arguments.

■ Before considering Schneider's challenges to the North Dakota pattern jury instruction on reasonable doubt, we note this court's standard for reviewing a trial court's instructions to the jury. We review the instructions as a whole. *City of Minot v. Rubbelke,* 456 N.W.2d 511, 513 (N.D.1990). Selecting and considering only a part of the instructions is not proper. *Id.* Taken as a whole, the jury instructions "must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *Id.*

■ The requirement of proof beyond a reasonable doubt is "an ancient and honored aspect of our criminal justice system." *Victor v. Nebraska,* 511 U.S. 1, ——, 114 S.Ct. 1239, 1242, 127 L.Ed.2d 583, 590 (1994). It is well established that a criminal defendant cannot be convicted of a crime "except upon proof beyond a reasonable doubt" of every element of the crime charged. *In Re Win-*

*ship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). Constitutionally, a trial court must instruct a jury on the State's burden of proving a defendant's guilt beyond a reasonable doubt. *Victor,* 511 U.S. at ——, 114 S.Ct. at 1243. But no "particular form of words" is required for instructing the jury of this burden of proof. *Id.* at ——, 114 S.Ct. at 1243. Indeed, the United States Constitution apparently neither requires nor prohibits an instruction defining the "concept" of reasonable doubt. *Id.; but see id.* at ——, 114 S.Ct. at 1252 (Ginsburg, J., concurring in part and concurring in the judgment) (expressing disagreement with the Court's statement about requiring or prohibiting trial courts from defining reasonable doubt). The sole requirement is that the instructions, "taken as a whole, ... [must] correctly conve[y] the concept of reasonable doubt to the jury." *Id.* at ——, 114 S.Ct. at 1243. To evaluate a jury instruction defining reasonable doubt, a court's constitutional inquiry is: "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [reasonable doubt] standard." *Id.* at ——, 114 S.Ct. at 1243.

Schneider first argues the phrase "all doubt" used in the second paragraph of the jury instruction on reasonable doubt is erroneous. The paragraph states: "The State is not required to prove guilt *beyond all doubt,* but beyond a reasonable doubt." N.D.J.I.Crim. No.2002 (1995) (emphasis added). Schneider claims the phrase "all doubt" is ambiguous, and the ambiguity is exacerbated, not clarified, because the phrase "all possible doubt" is used in the last paragraph of the trial court's jury instruction on presumption of innocence and burden of proof. The last paragraph of this instruction states: "The State does not have to prove each charge *beyond all possible doubt* before a conviction can be had, but the State must prove the defendant guilty beyond a reasonable doubt before you can convict." N.D.J.I.Crim. No.2001 (1985) (emphasis added).[1]

1. The entire jury instruction given by the trial court on presumption of innocence and burden

of proof reads:

Schneider seems to contend the ambiguity would be resolved by including in the paragraph, at a minimum, language that indicates reasonable doubt is not a mere possible doubt, or an imaginary or fanciful doubt; language similar to the previous version of the pattern jury instruction on reasonable doubt.[2] Schneider essentially argues the paragraph is an incomplete definition of reasonable doubt.

If, when, and how the concept of reasonable doubt should be defined has never been decided by this court. This court has long recognized the difficulty in defining reasonable doubt and has neither required nor prohibited such a definition. *State v. Montgomery,* 9 N.D. 405, 408–09, 83 N.W. 873, 875 (N.D.1900) (discussing defining and not defining reasonable doubt); *see United States v. Reives,* 15 F.3d 42, 44 n. 1 (4th Cir.1994)(noting the alignment among federal circuit courts of appeal and state courts on the issue of "if, when, and how" to define reasonable doubt); *id.* at 45 (citing the reasons for and against defining reasonable doubt). Instead, this court has analyzed challenges to jury instructions on reasonable doubt on a case-by-case basis under prevailing constitutional standards. *E.g., State v. Azure,* 525 N.W.2d 654, 658 (N.D.1994) (stating "recent United States Supreme Court decisions ... called the pattern instruction into question").

■ We determine the second paragraph of the jury instruction on reasonable doubt and the last paragraph of the jury instruction on presumption of innocence and burden of proof are not definitions of reasonable doubt. Instead the challenged phrases in those paragraphs correctly state that the State's burden is not "beyond all doubt" or "beyond all possible doubt." *United States v. Adkins,* 937 F.2d 947, 950 (4th Cir.1991) (rejecting an argument that a jury instruction "attempted to define reasonable doubt by stating that the government need not prove guilt 'beyond all possible doubt' "); *see United States v. Neal,* 36 F.3d 1190, 1201 (1st Cir.1994) (indicating that "an instruction which uses the words reasonable doubt without further definition adequately apprises the jury of the proper burden of proof"). The paragraphs correctly instruct the jury that the State must prove a defendant's guilt beyond a reasonable doubt. *Victor,* 511 U.S. at ——, 114 S.Ct. at 1248 (indicating the constitutional minimum for a jury instruction on reasonable doubt). Therefore, because the paragraphs are not definitions of reasonable doubt, we

"PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF
     To each count of this complaint, the defendant entered a plea of 'not guilty' which plea puts in issue the material allegations of each count. Before the defendant can be convicted, the State must prove the material allegations of each count to be true to your satisfaction beyond a reasonable doubt.
     The fact that the complaint charges the defendant with criminal offenses is no evidence whatsoever, and must not be considered by you as evidence. The complaint merely states the charges in legal form, upon which the State has a right to offer evidence, and outlines the issues to be determined by you from the evidence under these instructions.
     The defendant is presumed to be innocent until the contrary, his guilt, is proved to your satisfaction beyond a reasonable doubt. If you have a reasonable doubt as to whether the guilt of the defendant has been so proven, you must find him not guilty.
     The State does not have to prove each charge beyond all possible doubt before a conviction can be had, but the State must prove the defendant guilty beyond a reasonable doubt before you can convict."

N.D.J.I.Crim. No.2001 (1985). This instruction is not the current version of the jury instruction on presumption of innocence and burden of proof. *Compare id. with* N.D.J.I.Crim. No.2001 (1995).

**2.** The version of the instruction on reasonable doubt in effect prior to the instruction given in this case reads as follows:

"REASONABLE DOUBT
     The phrase 'reasonable doubt' means what the words imply. It is a doubt based on reason arising from a thorough and impartial consideration of all of the evidence in the case. It is the state of mind in which you do not feel an abiding conviction amounting to a moral certainty of the truth of the charge. While you cannot convict the Defendant on mere surmise or conjecture, neither should you go outside the evidence to imagine doubts to justify acquittal. If, after careful deliberation, you are convinced to a moral certainty that the Defendant is guilty of the crime charged, then you are satisfied beyond a reasonable doubt."

N.D.J.I.Crim. No.2002 (1990); *compare id. with* N.D.J.I.Crim. No.2002 (1995).

disagree with Schneider's contention that the challenged phrases in the paragraphs incompletely define reasonable doubt.

Schneider next argues the phrase "firm and abiding conviction" used in the third paragraph of the jury instruction on reasonable doubt is erroneous. The paragraph states: "You should find the defendant guilty only if you have *a firm and abiding conviction* of the defendant's guilt based on a full and fair consideration of the evidence presented in the case and not from any other source." N.D.J.I.Crim. No.2002 (1995) (emphasis added). Schneider claims the phrase equates proof beyond a reasonable doubt with clear and convincing evidence, a lower burden of proof employed in civil cases, and therefore, allows a jury to find guilt at a standard of proof below that required by the Constitution. Schneider essentially argues the paragraph is an incorrect definition of reasonable doubt.

■ We agree the paragraph is attempting to "conve[y] the concept of reasonable doubt to the jury." *Victor*, 511 U.S. at ——, 114 S.Ct. at 1243. But, we do not agree it incorrectly conveys that concept.[3] *But see Azure*, 525 N.W.2d at 659 (finding jury instruction deficient because it did not adequately convey the concept of reasonable doubt.) After examining the challenged phrase within the context of the entire jury instructions, we determine there is not "a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [rea-

sonable doubt] standard." *Victor*, 511 U.S. at ——, 114 S.Ct. at 1243 (stating the constitutional inquiry for evaluating jury instructions); *Rubbelke*, 456 N.W.2d at 513 (stating this court's standard for reviewing jury instructions). Taken as a whole, the instructions indicate the defendant is presumed innocent and the State bears the burden of proving the defendant's guilt beyond a reasonable doubt. *Victor*, 511 U.S. at ——, 114 S.Ct. at 1248 (indicating the constitutional minimum for a jury instruction on reasonable doubt). After articulating the presumption of innocence and the burden of proof, the instruction on reasonable doubt directs the jurors to fully and fairly consider only the evidence presented in the case and to convict only if they have a "firm and abiding conviction" of the defendant's guilt. *Id.* at ——, 114 S.Ct. at 1252 (Ginsburg, J., concurring in part and concurring in the judgment) (agreeing "the reasonable doubt instructions given in these cases, read as a whole, satisfy the Constitution's due process requirement [because] [a]s the Court observes, the instructions adequately conveyed to the jurors that they should focus exclusively upon the evidence, and that they should convict only if they had an 'abiding conviction' of the defendant's guilt"). Moreover, the jury convicted Schneider of criminal trespass, but acquitted him of assault. This verdict suggests the jury was not misled or confused about the reasonable doubt standard.

■ We acknowledge the phrase "firm and abiding conviction" used in the jury in-

---

3. In the past, this court has recommended trial courts adhere to the pattern jury instruction on reasonable doubt, primarily because of the instructions' general approval by the authorities and its uniformity in application and appellate review. *City of Minot v. Rubbelke*, 456 N.W.2d 511, 515 (N.D.1990). However, that recommendation was made prior to the United States Supreme Court's decisions in *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) and *Victor v. Nebraska*, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). Although we uphold the pattern jury instruction on reasonable doubt challenged in this case, we note the United States Supreme Court in *Victor*, without explicitly setting forth an exemplary jury instruction on reasonable doubt and examining the challenged instruction as a whole and in context, did express approval of certain language and disapproval of other language. The Court ap-

proves of language in an instruction that defines reasonable doubt in terms of "a doubt that would cause a reasonable person to hesitate to act," *Victor*, 511 U.S. at ——, 114 S.Ct. at 1250, and "abiding conviction" as to a defendant's guilt. *Id.* at ——, 114 S.Ct. at 1251. The Court further approves of language in an instruction in which jurors are told they "should be governed solely by the evidence introduced[,]" *id.* at ——, 114 S.Ct. at 1251, and "should not indulge in speculation, conjectures, or inferences not supported by the evidence." *Id.* at ——, 114 S.Ct. at 1251. The Court takes exception to language that equates "reasonable doubt" with "grave uncertainty", and "actual substantial doubt," *id.* at ——, 114 S.Ct. at 1243, and criticizes the use of "moral certainty" rather than "evidentiary certainty" about a defendant's guilt. *Id.* at ——, 114 S.Ct. at 1243.

struction on reasonable doubt could be likened to the phrase "firm belief or conviction" associated with the lesser standard of clear and convincing evidence.[4] However, seemingly consistent phrases can take on different connotations depending upon the context in which they are used. Considered in the context of the jury instruction on reasonable doubt, a "firm belief or conviction" is not comparable to a "firm and abiding conviction." We believe the word "firm," as it is used in the jury instruction on reasonable doubt, refers to "the certainty that the evidence supports the crime charged." *See, e.g., State v. Grubbs,* 644 So.2d 1105, 1114 (La.Ct.App.1994) (analyzing the word "firmly"). "The word 'abiding' here has the signification of settled and fixed, a conviction which may follow a careful examination and comparison of the whole evidence." *Hopt v. Utah,* 120 U.S. 430, 439, 7 S.Ct. 614, 618, 30 L.Ed. 708, 711 (1887). The Supreme Court has expressly approved using the phrase "abiding conviction" in a jury instruction on reasonable doubt. *Victor,* 511 U.S. at ——, 114 S.Ct. at 1247 (stating "[a]n instruction cast in terms of an abiding conviction as to guilt ... correctly states the government's burden of proof"). *Azure,* 525 N.W.2d at 659 (indicating that jury instruction needed "abiding conviction" clause). Taken together, "firm and abiding conviction" contributes to "impressing upon the factfinder the need to reach a subjective state of near certitude of the guilt of the [defendant]." *Jackson v. Virginia,* 443 U.S. 307, 315, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979). A "state of near certitude" cannot be equated with the meaning normally given "firm belief or conviction," that is, merely a strong or high degree of belief. *Compare* Black's Law Dictionary 634 (6th ed. 1990) (defining "firmly believes") *with id.* 6 (defining "abiding conviction"); *see State v. Renforth,* 155 Ariz. 385, 746 P.2d 1315, 1317 (App.1987) (citing McCormick's definition of clear and convincing evidence). Further, we believe "firm and abiding conviction" addresses "the existence

of [reasonable] doubt rather than the magnitude of the doubt." *See Victor,* 511 U.S. at ——, 114 S.Ct. at 1250 (examining the use of "substantial" in the context of the entire jury instruction); *see also Grubbs,* 644 So.2d at 1113 (examining the use of "actual and substantial doubt" and "serious" in the context of the entire jury instruction). The existence of reasonable doubt is extinguished once a juror has a "firm and abiding conviction" of the defendant's guilt. We conclude the phrase "firm and abiding conviction" does not lead a jury to find guilt at a standard of proof below that required by the Constitution. Therefore, we disagree with Schneider's contention that the challenged phrase incorrectly defines reasonable doubt.

We conclude that, taken as a whole, the trial court's instructions "correctly conveyed the concept of reasonable doubt to the jury." *Victor,* 511 U.S. at ——, 114 S.Ct. at 1251. The instructions informed the jury of the law, without misleading or confusing the jury. There is no reasonable likelihood that the jury applied the instructions in an unconstitutional manner.

AFFIRMED.

VANDE WALLE, C.J., and NEUMANN, MARING and SANDSTROM, JJ., concur.

MESCHKE, J., concurs in the result.

---

4. The jury instruction on clear and convincing evidence reads:

"Clear and convincing evidence means that the evidence leads you to a *firm belief or conviction* that the allegations are true. This is a higher standard of proof than proof by the greater weight of the evidence. The evidence presented need not be undisputed to be clear and convincing."

N.D.J.I. Civ. No. 41 (1991) (emphasis added).