STATE of North Dakota, Plaintiff
and Appellee,

v.

Gregory Lynn CARSON, Defendant
and Appellant.

Crim. No. 890208.

Supreme Court of North Dakota.

March 27, 1990.

Stuart A. Larson, State's Atty., Hillsboro, for plaintiff and appellee. Submitted on briefs.

Schuster, Brothers & Beauchene, Fargo, for defendant and appellant. Submitted on briefs by Mark A. Beauchene.

VANDE WALLE, Justice.

Gregory Lynn Carson appealed from a judgment convicting him of arson for violating Section 12.1-21-01, N.D.C.C., by starting his home on fire for the purpose of collecting insurance for the loss. We affirm.

Carson asserts on appeal that the circumstantial evidence in this case is insufficient to support the jury's verdict of guilty. A verdict based upon circumstantial evidence carries the same presumption of correctness as other verdicts and will not be disturbed on appeal unless it is unwarranted. *State v. McMorrow*, 286 N.W.2d 284 (N.D.1979). A conviction may be justified on circumstantial evidence alone if it is of such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt. *State v. Lawenstein*, 346 N.W.2d 292 (N.D. 1984). In an appeal challenging the sufficiency of the evidence, the role of this court is merely to review the record to determine if there is competent evidence that allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Jacobson*, 419 N.W.2d 899 (N.D.1988).

Early in 1988, Carson purchased a house in Hillsboro for about $11,000 under a contract for deed. The contract required him to secure insurance of $20,000 for loss on the house. On March 25, 1988, Carson

purchased a $20,000 insurance policy on the home from State Farm Insurance Company. On September 14, 1988, State Farm received a request from Carson to increase the insurance to $50,000. On November 7, 1988, State Farm mailed a notice to Carson that it had approved an increase of insurance on the house to $40,000.

Carson resided in the house until it was destroyed by fire on November 26, 1988. Carson's girlfriend had moved out of the house about one week before the fire and had returned her house key to Carson. She left personal belongings valued at several thousand dollars in the house and these were destroyed by the fire.

Carson testified that at 5:00 p.m., on November 26, 1988, he went to the Paddle Wheel Lounge to drink some beer and returned home at 8:00 p.m. When he arrived at the house he turned on a space heater in the living room, setting its thermostat control on high. He testified that he sat on the couch staring out of the window for a few minutes and then decided to take a "nap." He further testified that he went upstairs to bed, pulling the top quilt on the bed over him, and that when he woke up he was "coughing" and the house was filled with smoke. He testified that he escaped through a second floor window, jumped down to the ground, and went to the neighbors. The Hillsboro chief of police noticed smoke from the fire and radioed in a fire alarm at 8:14 p.m. Carson was taken to the hospital by ambulance and was treated for smoke inhalation.

■ Richard Rolle, an employee with the North Dakota Bureau of Criminal Investigation, and Curtis Fogel, an expert in fire investigation employed with Gelco Insurance Company, investigated the fire. Both men testified on behalf of the State. They testified that the fire had two points of origin on the main floor of the house, one located near the front door, and the other on the stairway leading to the second floor. They further testified that an accelerant had been used to fuel the fire in the two areas where the fire originated. There was no evidence of a forced entry into the house. Fogel took numerous photographs during his investigation, which were introduced into evidence. One of the photographs was of the bed that Carson had testified that he had been sleeping in when the fire started. In the photograph the bed covers were neatly drawn over the entire bed, showing no indication that someone had been in the bed.

We conclude, after having reviewed the entire record in this case, that there was sufficient evidence for the jury to find beyond a reasonable doubt that Carson was guilty of arson.

■ Carson also asserts on appeal that the trial court erred in failing to properly instruct the jury on the State's burden of proof regarding circumstantial evidence. More specifically, Carson asserts that the trial court should have instructed the jury that circumstantial evidence must be "conclusive" and must "exclude every reasonable hypothesis of innocence at trial." The trial court instructed the jury on the difference between direct and circumstantial evidence. It also instructed the jury that the defendant is presumed to be innocent and that the State has the burden of proving the defendant guilty of the charges to the jury's satisfaction beyond a reasonable doubt. Carson did not object to the instructions given by the trial court and did not request an additional instruction with regard to circumstantial evidence. Having failed to object to the instructions, Carson has waived that issue on appeal, and we will not further address the issue because it does not rise to the level of obvious error. *See State v. Stoppleworth,* 442 N.W.2d 415 (N.D.1989).

In accordance with this opinion the judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.